Lawrence N. WEST, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 983 S 325.

Supreme Court of Indiana.

July 19, 1985.

Rehearing Denied Oct. 1, 1985.

R. Mark Inman, McShane & Inman, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Lawrence N. West, is before this Court appealing from the denial of his petition for post-conviction relief. He was charged initially with two counts of sodomy, two counts of rape while armed, two counts of rape, three counts of first-degree burglary, one count of robbery, and one count of attempt to commit rape while armed. Appellant pleaded guilty to all of these counts, including the offense at issue, attempt to commit rape while armed, Ind. Code § 35–12–1–1 (Burns 1971). Several counts were dismissed by the prosecutor in exchange for appellant's guilty plea. He was sentenced to the Indiana Department of Correction for seven concurrent terms ranging from two to twenty-five years and for a thirty-year determinate term for attempt to commit rape while armed.

Appellant raises two issues in this appeal from the denial of post-conviction relief: (1) whether the imposition of appellant's consecutive sentence for attempt to commit rape while armed was violative of due process; (2) whether appellant's guilty plea was made knowingly, intelligently, and voluntarily.

I.

Appellant argues that his consecutive sentence for attempt to commit rape while armed was imposed in a manner violative of due process. He contends that the trial court did not originally impose a consecutive sentence but rather that the judge subsequently altered his sentence by a written communication to prison officials. Appellant claims that he never received notice or a hearing before this alleged sentence modification.

These are the facts pertinent to this issue. After Judge Kohlmeyer pronounced sentence on the first four counts at the sentencing hearing in October, 1973, defense counsel inquired whether, "all of these sentences are to run concurrently?" The judge responded that "they would run concurrently." On May 30, 1974, the superintendent of the Indiana Reformatory wrote Judge Kohlmeyer for clarification of appellant's sentence for attempt to commit rape while armed because "there is no indication on the commitment that the Court intends that this 30 year term be served concurrently or consecutively with the other terms." Judge Kohlmeyer responded in a letter dated June 4, 1974, that after rechecking the court's files he determined that "this term is to run consecutively with the other terms." While this alleged sentence modification occurred in June, 1974, appellant did not file for postviction relief until September, 1979. Appellant claims that he learned of the consecutive nature of this sentence in 1977 or 1978.

Appellant has failed to sustain his burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 Sec. 5. The entire evidentiary basis upon which appellant bases his post-conviction claim consists of the ambiguous statements made at the sentencing hearing and Judge Kohlmeyer's letter of clarification. This record is insufficient to establish before a court that the sentence was altered. Based upon the evidence presented, appellant was not entitled to notice or a hearing prior to Judge Kohlmeyer's letter of clarification. This letter merely explained appellant's commitment order to the prison officials. Appellant has no due process interest at stake in such a perfunctory and administrative communication.

## II.

Appellant claims that his guilty plea for attempt to commit rape while armed was not knowingly, intelligently, and voluntarily made because he was not sufficiently informed of the possibility of consecutive sentences at his guilty plea hearing held on June 6, 1973.

Appellant maintains that the trial court did not comply strictly with Ind. Code § 35–4.1–1–3, now recodified as § 35–35–1–2 (Burns 1985 Repl.), citing *German v. State* (1981), Ind., 428 N.E.2d 234. This Court held in *German* that the trial judge must comply strictly with the terms of this statute. However, the *Neeley* standard of review applies to pre-*German* cases to determine if appellant was fully advised of and understood his constitutional rights. *Williams v. State* (1984), Ind., 468 N.E.2d 1036. The *Neeley* standard requires that we look to the entire record to determine whether appellant was advised as to the possibility of the imposition of consecutive sentences. *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714.

At appellant's guilty plea hearing the following exchange occurred between appellant and the court:

COURT: "Are you aware of the possible penalties now that the Court could impose for your plea of guilty as far as this particular count. This particular one carries a greater penalty than any of the others you have entered a plea of guilty to this morning. Are you aware I can cause you to be imprisoned for any determinate period of time between 10 years and 30 years in a State prison. In other words, that means I can cause you to be imprisoned for 10 years, 12 years, or 15 years and the maximum would be 30 years, and it would be a definite period of time."

MR. WEST: "Yes sir."

COURT: "And this would be in addition to any penalties that I might impose in any of these other cases. This is independent, this particular sentence would not necessarily run concurrently with the others. Do you understand that?"

MR. WEST: "Yes sir."

The court did not specifically state that a consecutive sentence could be imposed. While strict compliance with the terms of this statute is required, the exact language of the statute need not be used by the court. *Richards v. State* (1985), Ind., 474 N.E.2d 74. The mandate of the statute is satisfied where the trial court conveys to appellant the idea underlying the statutory advisement. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. The trial court's admonition that this penalty could be both in addition to any other penalty imposed and independent of and not necessarily concurrent with the penalties already imposed, clearly conveyed to appellant that the trial court could impose a consecutive sentence. The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.