Mitchell D. HOWARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S318.

Supreme Court of Indiana.

Aug. 29, 1985.

———

Robert E. Bostwick, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Mitchell (a/k/a Mitchel) D. Howard was found guilty during a bench trial by the Wabash Circuit Court of the crimes of class B felony neglect of a dependent and class C felony battery resulting in serious bodily injury. The trial court subsequently sentenced Appellant to twenty years imprisonment for neglect and to eight years imprisonment for battery, said sentences to be served consecutively. Appellant now directly appeals and raises the following four consolidated issues for our review:

1. sufficiency of the evidence;

2. reference to a prior charge against Appellant;

3. admission of certain State's Exhibits into evidence; and

4. sentencing.

The facts adduced during trial show that on October 30, 1982, at approximately 10:00 a.m., Brenda Howard left the mobile home where she lived with Appellant, Appellant's son, Harley, and her daughter, Rachel. Rachel, approximately twenty-seven months old, and Harley, approximately twenty-three months old, stayed at the mobile home with Appellant. Rachel had no injuries when Brenda left her in Appellant's charge at the mobile home where Appellant was supposed to give the children a bath during the twenty to thirty minutes that Brenda was to be away. When Brenda returned, Appellant and Harley were in the front room and Appellant told Brenda that Harley had burned Rachel. When Brenda saw the burns on Rachel's head, left hand and neck, she got her mother and they took Rachel to Dr. Michael Silvers. Dr. Silvers found severe burns on Rachel's back, head, and left hand. Rachel was admitted to the Wabash County Hospital within an hour and stayed there for treatment during the next following twenty-five days. Dr. Silvers testified that he had a "high suspicion" that child abuse caused the injuries. Dr. Donald Dion, a pediatrician, subsequently examined Rachel at the hospital on November 4, 1982, and noticed the sharp margins of her burns, that is, the very distinct difference between the normal skin and the burned skin on her back indicating very sharply defined burns. Dr. Dion testified that these sharp margins suggested to him that there was no splattering or "drift" of the hot water or other liquid which caused Rachel's burns. Dr. Dion also testified that the margins suggested that someone had restrained Rachel in some way so that she could not move from under the hot, burning agent. This belief was reinforced by the fact that only one of Rachel's hands was burned. Dr. Dion specifically testified that it was apparent to him that Rachel had been restrained by someone who weighed at least one hundred and twenty pounds with an age of at least sixteen or seventeen years old. The burns on Rachel's left hand were of less severity and depth than the burns on her back indicating there were two separate incidents when hot fluid was applied to Rachel. Dr. Dion concluded that the burns on Rachel were inflicted and were not accidental. Appellant's version was that he put the children in the partially filled tub in the bathroom, went to the kitchen to prepare some soup, heard shrill screaming and ran back to the bathroom where he found Harley sitting on top of Rachel such that she could not move away from the hot water running down her back. He testified the children were able to turn the water faucets by themselves and sometimes did so. There was evidence that the water in the water heater system in Appellant's mobile home was very hot.

I

██ Appellant claims that there was not sufficient evidence to convict him since all

of the evidence admitted during his trial was circumstantial. Appellant initially presented this issue by making a motion for judgment on the evidence at the close of the State's case-in-chief. Appellant's motion was overruled, however, and since he then proceeded to present evidence in his own defense, he waived any possible error which may have been committed by the trial court in ruling on his motion for judgment on the evidence. *Bivins v. State,* (1982) Ind., 433 N.E.2d 387; *Vacendak v. State,* (1982) Ind., 431 N.E.2d 100. We now face the same issue with this sufficiency question pertaining to all of the evidence. We note that this cause was tried before the trial court without the intervention of a jury and, as such, the trial judge had the responsibility to determine the weight of the evidence and the credibility of witnesses. *Johnson v. State,* (1983) Ind., 455 N.E.2d 932, *reh. denied* (1984).

■ Appellant contends that the State failed to prove that he acted "knowingly or intentionally" pursuant to Ind.Code § 35–46–1–4 (Burns 1985), the statute defining neglect of a dependent. In a recent case we held:

> "the level of culpability required when a child neglect statute requires knowing behavior is that level where the accused must have been subjectively aware of a high probability that he placed the dependent in a dangerous situation."

*Armour v. State,* (1985) Ind., 479 N.E.2d 1294, 1297. It is obvious that such a situation was presented here when two very small children were placed in a bathtub where extremely hot water could and did cause serious injuries to one of them. With regard to a neglect charge, it is not necessary to show that the defendant purposely inflicted the injury that resulted from the neglectful act although in this case there was evidence to support such a claim. The evidence showing neglect was the placing of children in a tub and leaving them there while knowing that very hot water was supplied to the tub and that the children were able to, and many times did, turn the water faucets themselves. This was in addition to the testimony of medical experts who examined Rachel and concluded that her injuries were purposely inflicted by holding her under the hot fluid. There was, therefore, sufficient evidence presented to the trial court to justify the finding of guilty of neglect beyond a reasonable doubt. Since we dispose of the battery charge in Issue IV of this opinion, it is unnecessary to discuss sufficiency as to that charge.

## II

■ Appellant next contends that the State's reference to a prior criminal charge against him was prejudicial. During the direct testimony of Appellant's seventeen year old daughter, Tisha, during Appellant's case-in-chief, Tisha was asked several times if Appellant had ever exhibited any animosity to children or if he had ever caused any serious injury to any child. She answered in the negative to all such questions. On cross-examination by the State, the subject was pursued again and Tisha again stated that Appellant had never caused serious injury to any child. The prosecutor then asked a question about a bathtub injury to Appellant's stepson and Tisha started to answer but was cut off by Appellant's objection. The prosecutor responded by withdrawing the question and the subject was not pursued further. Appellant's instant contention is based on the fact that Appellant's stepson previously had died and Appellant was charged with manslaughter in regard to that death. Appellant was tried and acquitted of the manslaughter charge, however. Appellant's argument in his brief apparently was that the State improperly attempted to bring in evidence of a prior crime for which he had been acquitted. Appellant cites to nowhere in the record where he raised this particular question before the trial court by demanding a mistrial or other relief so as to give the trial court an opportunity to rule on this issue. Further, Appellant cites us to no authority in his three sentence argument but leaves us with only his general contention that such error was committed. In view of all of these circumstances, we

find Appellant has waived any consideration of this issue. *Hunt v. State,* (1983) Ind., 455 N.E.2d 307; Ind.R.App.P. 8.3(A)(7).

## III

■ Appellant's next contention is that the trial court improperly admitted State's Exhibits 13, 14 and 15. Exhibits 13 and 14 were photographs of the bathtub in question and Exhibit 15 was a photograph of the water heater in Appellant's mobile home. Appellant's objection is that although State's witness Mark Henderson identified the photographs as accurately depicting the scene as he observed it on November 4, 1982, approximately four days after this incident, Henderson testified that he did not take the photographs and thought that they might have been taken by Sue McNeeley, a Department of Public Welfare case worker. Appellant's only claim suggesting reversible error is that the uncertainty as to who took the pictures and when they were taken rendered them unreliable evidence. He shows nothing in the record that supports his claim and he cites no authority. Witness Henderson's testimony amply supports the finding that these exhibits were accurate representations of the scenes they depict. Further consideration of this issue is waived by Appellant for failure to show any supporting matter in the record or any authority to establish his contentions. *Hunt, supra;* Ind.R.App.P. 8.3(A)(7).

## IV

Finally, Appellant claims the trial court erred by finding him guilty on both the neglect and battery counts and by imposing sentences on both. We agree that this was improper.

■ The State contends that it is proper for both convictions and both sentences to stand pursuant to our holding in *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893, since although both charges grew out of the same act, each offense required proof of an additional fact which the other did not. Actually, however, no additional facts were necessary to prove the perpetration of either of these offenses. The only difference between the two charges is that neglect could be found even though there was no purposeful intent to cause harm whereas battery requires a knowing and intentional act. The language of Ind.Code § 35–46–1–4 defining neglect of a dependent requires that one "knowingly or intentionally" place the dependent in a situation that may endanger his life or health. One who does this, whether with intent to cause harm or not, commits the crime of neglect of a dependent. Both convictions and sentences therefore cannot stand. *See Brown v. Ohio,* (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Tawney v. State,* (1982) Ind., 439 N.E.2d 582, *reh. denied.*

■ Appellant further claims that the trial court sentenced him to a twenty year term for neglect without showing any aggravating circumstances to justify such a sentence. The record shows, however, that the trial judge did make an adequate statement of his reasons for selecting the sentence he imposed pursuant to Ind.Code § 35–38–1–3 (Burns 1985 Supp.) and we therefore find no merit to Appellant's contentions in this regard. Appellant's contention that the manner of sentencing under Ind.Code § 35–38–1–3, namely adding or subtracting time by finding aggravating or mitigating circumstances, violates Art. I, § 16, of the Indiana Constitution [Excessive bail, punishment, and penalties]. We already have decided this issue adverse to Appellant's contention. *Collins v. State,* (1981) 275 Ind. 86, 415 N.E.2d 46, *cert. denied* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. Appellant also contends that the trial court erred by admitting into the record a presentence report which referred to a prior charge of voluntary manslaughter against Appellant which had been reversed on appeal. Appellant makes only a general statement in this regard and fails to support this contention by citation to any authority. He therefore waived this issue pursuant to *Hunt, supra,* and Ind.R.App.P. 8.3(A)(7). Moreover, we consistently have held it proper for the presentence report to

carry an entire history of a defendant's prior criminal activity along with all other information which a trial judge might use to determine a sentence. There is no showing by Appellant that he was not furnished a copy of the presentence report prior to his sentencing, that he objected in any way to its contents or that he was not given an opportunity to explain any item therein stated. Appellant presents no error on this issue.

This cause is remanded to the trial court with instructions to vacate the sentence upon Appellant's battery conviction. The judgment of the trial court is affirmed in all other respects.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.