**Gary HALL and Margaret Hall,
Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–485 A 77.

Court of Appeals of Indiana,
Third District.

Jan. 3, 1986.

John S. Bloom, Bloom, Bloom & Fleck, P.C., Columbia City, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

**GARRARD, Justice, dissenting.**

I dissent to denial of rehearing in this case, 482 N.E.2d 1185 (Ind.App.1985), and would raise a question of fundamental error. The Halls were members of the Faith Assembly religious sect. They were convicted of reckless homicide and neglect of a dependent in the death of their month old son. Our decision affirming both convictions was handed down September 26, 1985.

At that time we were unaware of our Supreme Court's decision in *Howard v. State* (1985), Ind., 481 N.E.2d 1315. Howard was convicted in the trial court of neglect of a dependent as a Class B felony and battery resulting in serious bodily injury, a Class C felony. The victim was a twenty-seven month old girl who suffered burns. While she was not related to Howard it was undisputed that she met the definition of a dependent. One of the issues raised on appeal was whether conviction and sentence for both offenses was proper.

Under the analysis presented in *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 75 L.Ed. 306 the test for determining whether two offenses are the same for purposes of double jeopardy under the federal constitution is stated:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

284 U.S. at 304, 52 S.Ct. at 182.

While the Indiana decisions appear to generally follow *Blockburger (see, e.g., El-*

*more v. State* (1978), 269 Ind. 532, 382 N.E.2d 893) it is clear that through its own constitutional provision against double jeopardy [1] Indiana may provide its citizens more rights than those guaranteed federally. *See, e.g., Martin v. Hunter's Lessee* (1816), 14 U.S. 304, 1 Wheat 304, 4 L.Ed. 97.

IC 35–46–1–4(a) provides:

"A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:

(1) Places the dependent in a situation that may endanger his life or health;

(2) Abandons or cruelly confines the dependent;

(3) Deprives the dependent of necessary support; or

(4) Deprives the dependent of education as required by law; commits neglect of a dependent, a class D felony. However, except for a violation of clause (4), the offense is a class B felony if it results in serious bodily injury. It is a defense that the accused person, in the legitimate practice of his religious belief, provided treatment by spiritual means through prayer, in lieu of medical care, to his dependent."

The reckless homicide statute, IC 35–42–1–5, states:

"A person who recklessly kills another human being commits reckless homicide, a class C felony."

It appears to me that under a traditional *Blockburger* analysis these might be deemed separate offenses. The neglect offense requires that the victim be a dependent under the care of the accused, while the homicide statute has no such requirement. The homicide statute, on the other hand, requires that the accused must kill a human being. The neglect statute merely requires that the accused place the victim "in a situation" that may endanger life or health, and if the offense is a Class B felony that serious bodily injury "results,"

---

**1.** Constitution of the State of Indiana, Article 1, Sec. 14: "No person shall be put in jeopardy twice for the same offense."

whether from the direct act of the accused or otherwise.

Yet the same analysis would appear to apply when comparing the neglect statute to the battery statute which requires the accused to touch another person in a rude, insolent or angry manner and, in order to commit a Class C felony, either cause serious bodily injury or use a deadly weapon.

Even so, in *Howard* our Supreme Court held that convictions for both neglect and battery could not stand. It noted that "both charges grew out of the same act" and concluded that no additional facts were necessary to prove the perpetration of either of the offenses.

It does not appear to me that the element of recklessness in the Halls' convictions alters the impact of *Howard.* In *Beeman v. State* (1953), 232 Ind. 683, 115 N.E.2d 919, 923, the court considered this element of reckless homicide:

"But while the intention to do or omit the act resulting in injury to another is a necessary ingredient of reckless homicide, willfulness in the sense of a design, purpose, or intent to inflict an injury is not a necessary element of the offense. In other words, to be guilty of a reckless disregard for the safety of others, it is not necessary that one intend the harm which results from it."

The neglect statute is compatible with that interpretation since it requires that one "knowingly or intentionally' place the dependent in a situation that may endanger his life or health. One who does this, whether with intent to cause harm or not, commits the crime of neglect of a dependent." 481 N.E.2d at 1318.

According to the *Howard* decision both convictions of the Halls cannot stand. The convictions for neglect of a dependent should be vacated.