**Ronald J. GIBSON, Sr., Appellant (Petitioner below),**

**v.**

**STATE of Indiana, Appellee (Respondent below).**

No. 285S68.

Supreme Court of Indiana.

March 26, 1986.

Rehearing Denied May 29, 1986.

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Ronald J. Gibson pleaded guilty in the Carroll County Circuit Court to burglary, a class C felony, and being an habitual offender. His five (5) year sentence for burglary was enhanced by an additional thirty (30) years upon being found an habitual offender, the sen-

tence to run concurrently with similar sentences from two other counties. Appellant filed a Petition for Post-Conviction Relief which the trial court denied. He now appeals this denial and attacks the propriety of his plea agreement.

A plea agreement was filed with the trial court subsequent to Appellant being charged with burglary and being an habitual offender. A guilty plea hearing was held at which Appellant was advised of his rights. Appellant testified he was not under the influence of drugs or alcohol, and that he did not suffer from any mental or emotional disability nor had he been treated for any mental illness. His attorney stated Appellant had been diagnosed as being depressive and having mental problems, but had been found competent to stand trial three months earlier. Appellant testified he was aware of and understood the proceedings, the plea agreement, the charges, and the possible sentences, and that his alleged mental illness did not affect his ability to understand the instant proceedings. Appellant did maintain, however, that he could not recall any specific details of the burglary or his prior felony convictions.

■ Appellant first alleges there was an insufficient factual basis for the guilty plea to be accepted. Trial courts may not accept guilty pleas unless satisfied that there is a factual basis for the plea. Ind. Code § 35–4.1–1–4(b) (Burns 1979). To prove an insufficient factual basis Appellant keys on his inability to remember details of the burglary.

In reviewing allegations of error based on sufficiency of evidence we neither weigh the evidence nor judge the credibility of witnesses, but rather, look to the evidence most favorable to the State to determine whether there is substantial evidence of probative value to support the trial court finding. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Appellant neither claims nor does he show that his failure to recall details of his crime amounted to a protestation of innocence. This case does not, therefore, fall within the rule enunciated,

as follows, in *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423: "We hold, as a matter of law that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time." Appellant merely argues there was insufficient evidence to support the trial judge's finding of a factual basis to support the guilty plea, buttressing this argument with the fact that he could not recall details surrounding the crime. Evidence other than the sworn testimony of the defendant can serve as an adequate basis for accepting a guilty plea. *Sims v. State* (1981) Ind.App., 422 N.E.2d 436, 439; *Comstock v. State* (1981), Ind.App., 422 N.E.2d 395, 397; *See Owens v. State* (1981) Ind., 426 N.E.2d 372, 374. In the present case Appellant repeatedly admitted he was guilty of the crime. Uncontroverted testimony from the trial of his co-defendant was offered showing Appellant broke into the store and stole the items. Furthermore, the prosecutor recited the facts of the burglary to which Appellant responded that he had no reason to believe such were false. Despite his inability to recall details of the crime, Appellant's admissions of guilt, his agreement with the prosecutor's version of the facts, and the uncontroverted testimony from his co-defendant's trial constitute a sufficient factual basis for the trial court to accept the guilty plea.

Appellant also attacks the factual basis of the guilty plea to being an habitual offender. If the trial court finds the State has proven beyond a reasonable doubt that the defendant has accumulated two (2) prior unrelated felony convictions, that defendant is an habitual offender. Ind. Code § 35–50–2–8(d) (Burns Supp. 1982). If evidence yields logical and reasonable inferences from which the trier of fact may determine that it was indeed the defendant who was twice before convicted of felonies, sufficient connection has been shown between documents and the defendant for purposes of this section. *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322. Here, Appellant admitted he was an habitual offender. In addition, the State offered stip-

ulated evidence in the form of commitment orders for a 1970 felony conviction in Cass County and a 1973 felony conviction in Warren County. Considered together, the admission of guilt and the commitment orders provide a sufficient factual basis for Appellant pleading guilty to being an habitual offender.

■ Appellant next contends he was not meaningfully informed that the trial court was not a party to the plea agreement and was not bound by the agreement. Before accepting a plea agreement the trial court must address the defendant and inform him the court is not a party to the agreement and is not bound thereby. Ind. Code § 35–4.1–1–3(e) (Burns 1982). The court need not use the exact language of the statute but must sufficiently convey the idea that the court has not been a bargainer and has made no prior commitments. *Johnson v. State* (1983), Ind., 457 N.E.2d 196, 198; *McCann v. State* (1983), Ind., 446 N.E.2d 1293, 1296. Appellant concedes the trial court announced it had yet to decide whether to be bound by the agreement. However, Appellant maintains that on the second day of the hearing the trial court repeatedly urged him to show he was competent, and that these urgings virtually made the court a party to the agreement. Appellant fails to cite any legal authority in support of his position and thus waives the argument. *Howard v. State* (1985), Ind., 481 N.E.2d 1315, 1318. Furthermore, upon reading the record we do not find any instance where the trial court made any statement which would mislead Appellant to believe the court had abandoned its neutral position.

■ Finally, Appellant maintains the trial court erred in finding it had sufficiently established his competency to plead guilty before accepting his guilty plea. Appellant argues the trial court had before it sufficient indicia of his incompetency that the court was obligated to appoint two psychiatrists and hear their testimony before allowing him to plead guilty. Appellant makes the assumption, "The trial judge clearly doubted [Appellant's] competency," and recites our law concerning the proper procedure for circumstances where a judge has reasonable grounds to believe the defendant lacks competency.

Appellant's assumption is not warranted. If a judge has reasonable grounds to believe the defendant is competent, that is, he believes the defendant is able to understand the proceedings and assist in his defense, no further hearing is necessary. *See Ind. Code* § 35–5–3.1–1 (Burns 1979). Such a decision is within the trial court's discretion and will be reviewed only for an abuse of discretion. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326, 1329, *reh. denied* (1983). Appellant testified he was free from the influence of alcohol or drugs and he did not suffer from any mental or emotional disability. His attorney explained Appellant had been diagnosed depressive and had had some mental problems, but after psychiatric evaluation had been found competent to stand trial three (3) months earlier. Appellant repeatedly told the court he understood the proceedings taking place. Furthermore, despite his inability to remember past events, he showed no inability to assist in the proceedings. Appellant testified his alleged mental illness did not affect his ability to understand the proceedings. Appellant has wrongfully assumed that the trial court doubted his competence and ignored statutory procedure. He has failed to prove the first hurdle, that the trial court had reasonable doubts concerning his competence. Clearly the trial court was concerned about Appellant's competence, but this concern does not equate with the doubt contemplated in Ind. Code § 35–5–3.1–1. In light of its concern the trial court painstakingly considered Appellant's competency and eventually found he understood the proceedings and could assist with his defense. Appellant has not shown the trial court abused its discretion in making this decision.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.