**Jerry Allen GRANGER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 285S41.

Supreme Court of Indiana.

Nov. 6, 1986.

Thomas E. Hamer, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Jerry Allen Granger appeals from the trial court's denial of his petition seeking relief under Rule PC 1, Ind. Rules of Procedures for Post-Conviction Relief. He sought relief from pleas of guilty which he alleged were not voluntary and intelligent. We affirm.

Granger stood before the trial court in 1982 accused of committing a class B burglary and three thefts, class D felonies. The prosecutor had also filed an habitual offender allegations in each of the three pending causes. Altogether, the maximum potential sentence for these charges was sixty-two (62) years.

He and his attorney struck a bargain with the prosecutor under which the State dropped one of the theft charges and the habitual offender allegations. Granger then pleaded guilty to the remainder of the charges in return for sentences totalling twenty years. Granger kept his part of the bargain for nine months, after which he filed his petition for post-conviction relief.

Granger claims that his pleas to the three felonies were involuntary and unintelligent because the trial court failed to advise him that he had gone to trial instead of reaching a bargain with the prosecutor and had he been found guilty, the possibility existed that the trial court could have entered those convictions as class A misdemeanors, for which the minimum jail term is zero days and the minimum fine is zero dollars. Ind.Code § 35–50–2–7 (Burns 1979 Repl.).

Granger bears the burden of proof on his petition to establish that his decision to plead guilty was unintelligent and involuntary. Rule PC 1, Section 5, Ind. Rules of Procedure for Post-Conviction Remedies. The trial court hearing the post-conviction petition is the sole judge of the weight of the evidence and the credibility of the witnesses. We will reverse the judgment as being contrary to law only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The only evidence offered by Granger in support of his contention were the transcripts of the hearings at which he

pleaded guilty and was sentenced. They support the contention that the trial court did not inform him that class D felonies could be treated as misdemeanors. Evidence which indicates an omission by the trial judge, standing alone, is not sufficient to prove that a plea was involuntary and unintelligent. Granger must demonstrate that the omission materially affected his decision to plead guilty rather than go to trial. *White v. State* (1986), Ind., 497 N.E.2d 893.

■ In order to conclude that this omission altered Granger's decision, one would have to imagine that Granger, armed with this knowledge, might have contemplated that instead of entering into a plea bargain it would have made some sense to go to trial (or plead without a recommendation) in the hope that the trial judge would conclude that he was a suitable candidate for treatment as a misdemeanant and sentence him to zero days for theft, after reviewing his four prior felony convictions, his pending class B burglary, the three theft charges, and the pre-sentence report which detailed Granger's sixty arrests and/or convictions. Such would indeed be a matter for the imagination.

■ Granger also alleged that his pleas were rendered involuntary and unintelligent by the failure of the trial judge to explain that the court was not a party to the bargain which the defendant had negotiated with the prosecutor. However, the trial judge did explain to Granger that he was not bound to accept the recommendations contained in the agreement and that if he did not do so Granger would be permitted to withdraw his plea and go to trial. The agreement itself recited that Granger understood that the trial court was not under any obligation to accept the terms of the bargain. These words adequately conveyed the message required by the code. *West v. State* (1985), Ind., 480 N.E.2d 221.

Appellant also cites the failure of the trial judge to explain the possibility of consecutive sentences. The record, however, recites that Granger was specifically informed that if he pleaded guilty his sentences would be consecutive.

He also seeks appellate review of the failure of the trial court to inform him of the possibility of increased sentences by virtue of prior convictions. This claim was not presented to the trial court and thus may not be the basis for an appeal.

Assessing the evidence on Granger's claim, the trial court found that he had failed to prove that his pleas were involuntary and unintelligent. There was a substantial basis for this conclusion.

Accordingly, the judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was accepted on March 14, 1983, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d 1027. Both of these cases were recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty.

At the time of this plea of guilty, the court receiving the plea was operating under a statutory mandate to personally address criminal defendants and to inform them of the minimum sentences for the crimes with which they are charged and also to inform them that prior convictions can result in moving a sentence upward toward the maximum possible sentences. I.C. 35-35-1-2. The trial court accepted these pleas without accomplishing this chore. I regard the guilty plea statute as

requiring courts to provide a record of work done from which it may be rationally concluded that the mind of the accused has been illumined with information such as minimum possible sentences and the potential effect of prior convictions on sentences and that he has therefore had a decent opportunity to explore these factors and the manner in which they may relate to other factors, before waiving his right to a trial. At this point in time it is not possible to conclude that appellant made a truly informed decision to plead guilty. The sickness here is the unillumined mind; the cure is the judicial administration of information.