Michael DEARMAN, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1184 S 452.

Supreme Court of Indiana.

Nov. 24, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner, Michael Dearman, pleaded guilty to robbery, a class A felony, on August 5, 1983. On August 30, 1983, the trial court sentenced him to twenty-five (25) years. Dearman filed his petition for post-conviction relief on January 11, 1984, which was denied on June 19, 1984. Dearman now appeals the denial of his post-conviction relief petition, raising the following issues:

1. whether Dearman's guilty plea was given involuntarily because the trial court did not advise him of the possibility of an increased sentence due to a prior conviction; and

2. whether a factual basis existed to support Dearman's guilty plea to robbery.

I

Appellant first contends he was not specifically advised of, "... any possible increased sentence by reason of the fact of a prior conviction or convictions ...," pursuant to Ind.Code § 35–4.1–1–3(d) (Burns, 1978), now Ind.Code § 35–35–1–2(a)(3) (Burns, 1984). Because the trial court failed to strictly comply with this requirement, he claims his guilty plea was not knowingly, voluntarily, or intelligently entered. Dearman cites *German v. State* (1981), Ind., 428 N.E.2d 234, as authority.

This Court very recently handed down *White v. State* (1986), Ind., 497 N.E.2d 893. In *White,* we overruled *German, supra,* and set out a new standard for reviewing guilty pleas. We stated:

"A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary and unintelligent."

*White* at 905. Here, Dearman has not met his burden.

At Dearman's guilty plea hearing, the trial court informed Dearman as follows:

"Q. By your plea of guilty to Robbery, a Class A Felony, the Court has a duty to inform you of the maximum and minimum sentences applicable for the crime charged and in making this explanation I am not saying this is what you will or will not receive in the case, but I have a duty to explain the penalty aspect of the case to you. A Class A Felony in this State calls for a presumptive prison sentence of 30 years, to which the Court might add 20 years for aggravating circumstances as defined by statute, or deduct 10 years for mitigating circumstances as defined by statute, and to the prison sentence the Court might add a fine of up to $10,000, so theoretically the maximum sentence you could receive would be 50 years in prison and a $10,000 fine, and the minimum sentence you could receive would be 20 years in prison and the fine suspended ..."

\*    \*    \*    \*    \*    \*

"Q. Has your lawyer explained the sentencing aspect of the case to you?

A. Yes.

Q. Do you have any questions in those regards?

A. .Huh-uh."

\*    \*    \*    \*    \*    \*

"Q. Did you enter into this plea of guilty understanding it could, or could not have an effect on your probation status. I don't know what effect it would have, but you had that in mind when you entered into this plea, is that right?

A. Yes."

It is clear the trial court informed Dearman of the minimum and maximum sentences he could receive if he pleaded guilty. The trial court also informed Dearman that his guilty plea could have an effect on his probation status. Dearman's contention that the trial court did not inform him of any possible increase in the sentence due to past convictions is without merit. He has not alleged any facts which show he entered his guilty plea involuntarily or unintelligently. Rather he asks us to set aside his guilty plea because he claims the trial court did not advise him in strict accordance with the guilty plea statute. This is not a sufficient showing. *White, supra.* After looking at the record in its entirety, it is clear Dearman entered his plea both voluntarily and knowingly.

Dearman was charged with one count of murder, and one count of robbery. The State agreed to drop the murder count if Dearman pleaded guilty to the robbery charge. Further, the State agreed to ask for no more than a twenty-five (25) year sentence. The trial court sentenced Dearman to twenty-five (25) years, which is five (5) years less than the presumptive sentence for class A felony robbery. Dearman has failed to show anything more than the trial judge's failure to advise him in accordance with Ind.Code § 35–35–1–2. Thus he has not met his burden, and the post-conviction court properly denied his petition.

## II

Dearman's second contention is that there was not a sufficient factual basis to support his guilty plea to robbery. Thus

Dearman claims the trial court erroneously accepted his guilty plea.

■ It is true that a trial court may not accept a guilty plea unless it is satisfied there is a sufficient factual basis for the plea. Ind.Code § 35–4.1–1–4(b) (Burns, 1979), now Ind.Code § 35–35–1–3(b) (Burns, 1985). When sufficiency is challenged, we neither weigh the evidence, nor judge the credibility of witnesses, but look to the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's finding, we will uphold that finding. *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298, *reh. denied.* Further, evidence other than the sworn testimony of the defendant can serve as an adequate basis for accepting a guilty plea. *Id.*

■ In this case, Deputy Prosecutor Conway testified for the State to establish a factual basis for Dearman's guilty plea. She read into evidence the probable cause affidavit used to charge Dearman. The affidavit stated that the victim made homosexual advances towards Dearman, and he beat the victim to the ground with his fists. Dearman then beat the victim over the head and shoulders with a wooden board. Dearman went through the victim's pockets and took enough money to ride the bus over to Dearman's girlfriend's house. The victim died from the injuries inflicted by Dearman.

Dearman denied going through the victim's pockets, but claimed he picked up the victim's money from the floor. However, his attorney stipulated that the money was taken from the presence of the victim. Further, both Dearman's attorney and the State stipulated that there was a factual basis sufficient to support the charge of robbery. Given this, the post-conviction court was correct in finding there was a factual basis to support the guilty plea.

Accordingly, the post-conviction court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents without opinion.