David A. ZAVESKY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 64A03–8705–PC–131.

Court of Appeals of Indiana,
Third District.

Nov. 5, 1987.

David A. Zavesky, Pendleton, pro se.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

David Zavesky appeals *pro se* the denial of his petition for post conviction relief. This appeal raises two (2) issues:

1. Whether the trial court erred in concluding that a factual basis existed for his guilty plea.
2. Whether the court erred in concluding his guilty plea was entered voluntarily and intelligently.

We affirm.

On October 7, 1982, Zavesky pleaded guilty to theft, a class D felony, pursuant to a plea agreement under which the State agreed to dismiss the charge of burglary, a class C felony, and agreed to recommend a determinate sentence of four (4) years. The trial judge at the change of plea and sentencing hearing approved the plea recommendation, entered a judgment of guilty to theft, a class D felony, and sentenced Zavesky to four (4) years.

### I.

#### Factual Basis

■ Zavesky contends that a factual basis for his guilty plea did not exist because the trial judge did not examine Zavesky on the evidence pursuant to IC 35-4.1-1-4(b), now IC 35-35-1-3(b). However, Zavesky's argument does not raise an error. Case law has interpreted the statute to mean that "a trial court may not accept a guilty plea unless it is satisfied there is a sufficient factual basis for the plea." *Dearman v. State* (1986), Ind., 500 N.E.2d 1161, 1163. Evidence other than the sworn testimony of the defendant can serve as an adequate basis for accepting a guilty plea. *Id.*

■ In this case, the evidence considered by the trial judge was the Probable Cause Affidavit. Zavesky did not object to the admission of the affidavit into evidence, nor does he claim the affidavit contains insufficient evidence of guilt. As noted above, the trial judge did not err by considering only the Probable Cause Affidavit in determining that a factual basis existed for Zavesky's guilty plea. *Id.*

### II.

#### Voluntary and Intelligent

Zavesky also contends that his guilty plea was not entered voluntarily and intelligently because the judge failed to determine that he understood the nature of the charge and failed to advise him of the possibility of an increased sentence, the possibility of consecutive sentencing, and the possibility of misdemeanant sentencing for a class D felony.

■ To decide a claim that a guilty plea was not entered voluntarily and intelligently this court will review all the evidence before the court which heard the post conviction relief petition, including testimony given at the post conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record. *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

■ The only evidence before the post conviction court was the transcript from Zavesky's change of plea and sentencing hearing and the plea recommendation agreement. The record shows that the trial judge did fail to make the advisements, listed above, pursuant to IC 35-35-1-2. However,

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35-35-1-2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-

1–2(a) rendered his decision involuntary or unintelligent.

*White, supra* at 905.

This Zavesky fails to do. His bare assertion that he would have re-evaluated his decision to enter a guilty plea if he had been given the advisements goes against the weight of the evidence in the record.

Zavesky fails to convince this court that he did not understand the nature of the charge against him. During the change of plea and sentencing hearing, Zavesky indicated that he understood the plea recommendation and signed the agreement voluntarily. In the written agreement, he acknowledged that he understood the nature of the charge of theft, a class D felony, to which he was pleading guilty. This evidence coupled with the information Zavesky supplied to the police concerning several burglaries and thefts Zavesky was involved in, as evidenced in the Probable Cause Affidavit, support the conclusion that Zavesky understood the nature of the charge.

■ Likewise, the trial judge's failure to advise Zavesky of the possibility of misdemeanant sentencing cannot lead us to conclude the guilty plea was entered involuntarily or unintelligently. When the accused pleads guilty to a class D felony, the court is not required to advise the accused of the misdemeanant sentencing alternative. *Hutchinson v. State* (1986), Ind., 501 N.E.2d 1062, 1066.

■ Zavesky also contends that his guilty plea was rendered involuntary and unintelligent because the trial judge failed to advise him about possible increased and consecutive sentencing. However, Zavesky has waived these issues. These errors were not raised in his petition for post conviction relief, but were first raised in his motion to correct errors. A party may not raise an issue in his motion to correct errors, or on appeal, that was not raised in the trial court. *Thompson v. Daviess—Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102, 1105; Ind.Rules of Procedure, Post–Conviction Rule 1 § 8.

However, even if Zavesky had not waived these issues, the result of this case would be the same.

Knowing that his sentence could be increased due to his prior conviction would not have had any impact on Zavesky's decision to enter a guilty plea. The plea recommendation was for the maximum four (4) years for a class D felony and this in fact is the sentence Zavesky received.

Further, Zavesky has not shown that he was prejudiced by the trial judge's failure to advise him of the possibility of consecutive sentencing. Although Zavesky asserts in his motion to correct errors that he had a charge pending against him when he entered his guilty plea, nothing in the record indicates that he received a consecutive sentence for the pending charge.

Zavesky has failed to carry his burden of proof that his guilty plea was not entered voluntarily and intelligently. We cannot conclude that the court erred in denying Zavesky's petition for post conviction relief.

Affirmed.

CONOVER, P.J., and GARRARD, P.J., concur.