Reginald LEE, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49A02–8902–PC–59.[1]

Court of Appeals of Indiana,
First District.

May 30, 1989.

---

1. This case was diverted from the Second District by direction of the Chief Judge.

Susan K. Carpenter, Public Defender, Addie Hailstorks, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Reginald Lee appeals the denial of his petition for post-conviction relief.

We affirm.

### I.

■ Lee contends the post-conviction court erred in finding a factual basis for his guilty plea because the trial court failed to personally examine Lee as required by IND.CODE 35–4.1–1–4, the statute in effect at the time his plea was accepted.[2] As this court noted in *Zavesky v. State* (1987), Ind.App., 514 N.E.2d 658, 659, the courts of this state have interpreted I.C. 35–4.1–1–4(b) to mean that a trial court may not accept a guilty plea unless satisfied that there is an adequate factual basis for the plea. Evidence other than the sworn testimony of the defendant may serve as an adequate basis for a guilty plea; a colloquy with the trial judge over the specific allegations is not a necessity. *See, Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298; *Zavesky, supra.*

■ Lee claims the record is devoid of any evidence that he was pleading guilty to the crime charged. He argues the post-conviction court's reliance on the presentence investigation report was error because the report states in the section containing Lee's version of the crime that he was arrested two months later. Lee maintains the inconsistency between this statement and the chronological sequence of events given in the probable cause affidavit demonstrates Lee did not know which theft he was admitting to the presentence investigator.

The post-conviction court apparently did not find the presentence investigator's ambiguous reference to the time of Lee's arrest to be critical when compared with the record as a whole which contains Lee's admissions, and, facts supporting each element of the charged crime. Neither do we. The record shows Lee signed and initialed a plea agreement which, among other things, contains Lee's promise to plead guilty to theft as charged and to make restitution to the victim, Sandra Jenkins. At the hearing on Lee's change of plea, the court handed Lee the agreement and asked him to look at it. Lee acknowledged that he had gone over the agreement with his attorney, knew what the agreement said, understood what the theft charge was all about and to what he was pleading, and offered to plead guilty to theft as charged.

Before accepting Lee's plea, the trial court considered the presentence investigation report to which Lee had no changes, corrections or amendments. The report discloses that on May 8, 1981, Mrs. Jenkins reported that her car had been stolen from

---

**2.** I.C. 35–4.1–1–4 (Burns 1979 Repl.) provides:
   (a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea.

   (b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea....

in front of her house. In April, 1982, police received a call from Lee who complained that the tires on his car had been slashed. Police later determined that the car in Lee's possession was the car which had been stolen from Mrs. Jenkins. Lee admitted that he liked the car and decided to take it. He thought he might be able to sell it.

The record also contains the probable cause affidavit which shows, in addition to the facts recited above, that Mrs. Jenkins did not know Lee or give permission to Lee to have the automobile in his possession.

As in other cases, the statement contained in the presentence investigation report coupled with Lee's acknowledgments that he had read the report and understood what the charged crime was all about provide a sufficient factual basis for the plea. *Cf., Zavesky, supra; Gibson, supra* and *Bates v. State* (1988), Ind., 517 N.E.2d 379, 381 (factual basis may be established by defendant's acknowledgment of truth of statement which contains facts constituting the crime charged.) Accordingly, the post-conviction court did not err in its determination that an adequate factual basis for the plea had been established.

## II.

Lee argues he cannot be deemed to have knowingly entered a plea of guilty because he was not informed of the fact that he could have been sentenced to a class A misdemeanor rather than a class D felony. He acknowledges Indiana Supreme Court precedent standing for the proposition that an accused need not be advised of sentencing alternatives at the hearing on his guilty plea when the plea agreement before the trial court allows the court no discretion in sentencing. *Hutchinson v. State* (1986), Ind., 501 N.E.2d 1062, 1066. *See, also, Zavesky, supra.* Nevertheless, Lee urges us to re-evaluate the result in *Hutchinson,* because the Supreme Court's reliance in *Hutchinson* on *Brown v. State* (1983), Ind., 443 N.E.2d 316 is flawed.

Even if this court had the authority to reconsider the rule announced in *Hutchinson,* which we do not, Lee would still have to demonstrate that the trial court's failure to advise him materially affected his decision to plead guilty rather than go to trial. *White v. State* (1986), Ind., 497 N.E.2d 893; *Granger v. State* (1986), Ind., 499 N.E.2d 743. Pursuant to the plea agreement, Lee received a two-year sentence, one and one-half years suspended, credit for time served, and was placed on probation for one year. The presentence investigation report shows numerous arrests for crimes allegedly committed while Lee was a juvenile and at least four theft convictions. At the time of sentencing, Lee was on probation after conviction of criminal conversion and theft and he had felony forgery charges pending. In light of this evidence, Lee's assertion at the post-conviction hearing that he would have foregone the agreed presumptive sentence, most of which had been suspended, because of the possibility of misdemeanant sentencing is simply unreasonable. *Cf., Granger, id.*

## III.

Finally, Lee argues the trial court failed to adequately advise him of his right to confront his accusers. The transcript of the guilty plea hearing shows the trial court advised Lee "you are giving up the right to have your accusers in the courtroom and face you." Lee stated he understood. He also led the court to believe he had gone over the plea agreement and he knew what it said. Lee initialed the agreement following the sentence indicating that he understood the state and federal constitutions guaranteed him certain rights, among them, the right "to confront and cross-examine the witnesses against him." He also initialed the agreement after the statement that he understood the entry of his guilty plea works as a waiver of those rights. Lee testified at the hearing on his petition for post-conviction relief that he didn't have time to read the agreement but signed it because he wanted to get out of jail. He claims the trial court's advisement was inadequate because he was not told the right of confrontation included the right to cross-examine witnesses.

The trial court's advisement to Lee, "you are giving up the right to have your accusers in the courtroom and face you" tracks the language of I.C. 35–4.1–1–3(b) which varies little from the expression of the right found in the Ind. Constitution, Art. I, § 13: "In all criminal prosecutions, the accused shall have the right ... to meet the witnesses face to face." *See, Barron v. State* (1975), 164 Ind.App. 638, 330 N.E.2d 141, 144, n. 2. In the past, our courts have found the statutory advisement contained in I.C. 35–4.1–1–3(b) to be an adequate pronouncement of the U.S. Constitution's Sixth Amendment[3] right specified in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, observing that a defendant need not be advised in the exact language of the constitution to be meaningfully informed. *See, e.g., Laird v. State* (1979), 270 Ind. 323, 385 N.E.2d 452 and cases cited therein.

Furthermore, the record affirmatively indicates that Lee was warned in writing that he would forego his right "to confront and cross-examine the witnesses against him," and that Lee was aware of the contents of that document. His claim that he hurriedly signed the plea agreement to get out of jail is insufficient to carry the burden of proving his plea was not entered knowingly and voluntarily. *Cf., Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827 (showing that defendant signed statement because he wanted to get it over with insufficient).

We conclude the trial court's denial of Lee's petition for post-conviction relief was proper.

Judgment affirmed.

NEAL and HOFFMAN, JJ., concur.

---

**3.** The Sixth Amendment reads: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..."