**Robert T. WILLIFORD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 17A03–9012–CR–525.

Supreme Court of Indiana.

Sept. 11, 1991.

C.C. Rhetts Jr., DeKalb County Public Defender, Auburn, for appellant.

Linley E. Pearson, State Atty. Gen. and Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice, dissenting to denial of transfer.

Appellant Williford was convicted of dealing in marijuana within 1000 feet of school property, a Class C felony, pursuant to I.C. 35–48–4–10. The Court of Appeals, Third District, affirmed the conviction. *Williford v. State* (1991), Ind.App., 571 N.E.2d 310. The majority of this Court has concluded that transfer should be denied. I disagree.

The delivery of marijuana is a Class A misdemeanor, but delivery of marijuana within 1000 feet of a school is a Class C felony. The Class C felony exists as a deterrent to those who would deal in marijuana around schools and thereby endanger school children. The dealing statute provides that it is a Class A misdemeanor to "knowingly or intentionally" deliver marijuana, and that:

(b) The offense is:

. . . .

(2) a Class C felony if:

. . . .

(B) The person:
(i) Delivered [ ]

. . . .

marijuana . . . within one thousand (1,000) feet of school property. . . .

Over objection, the trial court instructed the jury that the State was not required to prove that Williford knew he was within 1000 feet of school property when he delivered the marijuana. The facts of the case showed that Williford sold a quarter-ounce of marijuana in the Four Crowns Tavern, which was situated less than 1000 feet from the McIntosh School. The Court of Appeals affirmed appellant's conviction on the Class C felony.

The Court of Appeals turned to the federal law and the law of sister states in resolving Williford's claim that the trial court had been in error in giving the aforementioned jury instruction. This, I believe, was unfortunate as, unlike those jurisdictions, Indiana has a special statute and case law surrounding it, which together with the statute defining the offense of dealing quoted above, govern the resolution of this claim. That special statute is I.C. 35–41–2–2 and subsection (d) thereof, which is particularly pertinent here provides:

Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

In light of this culpability statute and the substantive criminal statute defining the offense of dealing in marijuana, the essential legal question posed by this case is whether or not knowledge that a school is in close proximity when a delivery is made is a "material element of the prohibited conduct." I conclude that it is.

The last provision of the substantive statute defining the Class C felony includes a full description of the forbidden conduct, in the following manner, "(b) the offense is ... (2) a Class C felony if: ... (B) the person delivered marijuana ... within one thousand (1000) feet of school property[.]" In *Armour v. State* (1985), Ind., 479 N.E.2d 1294, we dealt with the neglect statute, I.C. 35-46-1-4, which provides as follows:

> A person ... who knowingly or intentionally ... places the dependent in a situation that may endanger his life or health; ... commits neglect[.]

There we held that, in addition to the proof of a knowing or intentional act of placing the dependent in a particular location and situation, the prosecution must prove that the accused had knowledge of a high probability of resulting danger to the dependent. In *Howard v. State* (1985), Ind., 481 N.E.2d 1315, this Court was confronted with a conviction for neglect wherein a pair of two-year-old children were put in a bathtub of extremely hot bath water, resulting in severe burns to one of them. There we explained that the evidence was sufficient because it showed that the defendant had "plac[ed] [the] children in a tub and le[ft] them there while knowing that very hot water was supplied to the tub and that the children were able to, and many times did, turn the water faucets themselves." *Id.* at 1317. These cases, while not citing the culpability statute, are nevertheless in conformity with it. In *Howard,* proof of knowledge of the fact that hot water was supplied to the tub and of the capacity and proclivity of the children to turn that hot water on was required to be made by the prosecution. Such knowledge would be a material element of the prohibited conduct of the neglect offense, with respect to which the culpability statute requires proof of that culpability required for the offense.

In *Markley v. State* (1981), Ind.App., 421 N.E.2d 20, the Court of Appeals dealt with the battery statute which, at its outset, defines battery as an intentional rude touching and which, in its last provision provides that the offense is "[a] Class C felony if it results in serious bodily injury[.]" I.C. 35-42-2-1(3). The Court concluded that serious bodily injury was an element, an aggravating element, of the Class C felony, but that it was not a material element of the prohibited conduct within the contemplation of the culpability statute, I.C. 35-41-2-2(d), and that therefore the prosecution need not have proved culpability with respect to that element of the crime.

In the case on appeal, the prohibited conduct in dealing in marijuana is the delivery of marijuana, and the added element is the particular location, i.e., within 1000 feet of a school. In *Armour* and *Howard,* the prohibited conduct was placing a child in a location, and the added element is the condition there which exposes the child to the risk of injury. In *Markley,* the prohibited conduct was a rude touching, and the added element is serious bodily injury. A serious bodily injury is the complete and actual harmful result of a series of events which commences with the act of touching. By contrast, being at a particular location to deliver contraband drugs partakes to a greater extent in the the immediate action and mental activities leading up to the arrival on the street, or in a tavern as is the case in this instance, in a position to do illegal business. It is not a consequence or harmful result of the prohibited conduct of transferring a contraband drug, in the same way that serious bodily injury is a consequence or harmful result of an illegal touching. The act of transferring drugs within close proximity to a school exposes school children to the danger associated with such activity. As in *Armour* and *Howard,* where we required the prosecution in a neglect case to prove that the accused is aware of facts creating a risk of danger to the children, we should in a case involving a charge of dealing of the type presented here, require the prosecution to prove that accused was aware of the fact creating the risk of danger to school children, namely, his proximity to a school.

The trial court was in error in instructing the jury that the prosecution had no burden to prove that appellant was aware that the tavern in which he sold marijuana was in

the proximity of the school. I respectfully dissent to the denial of transfer.