62 F.3d 1420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David A. ZAVESKY, Petitioner-Appellant,
v.
Jack R. DUCKWORTH and Indiana Attorney General, Respondents-Appellees.
 No. 94-2282.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 14, 1995.
 
 Before Flaum, Ripple, and Kanne, Circuit Judges.
 ORDER
 In 1982, David Zavesky pleaded guilty to theft in Indiana and received the four year sentence that was provided in the plea agreement. Zavesky was on probation for that crime when he was arrested for theft in 1984. He was convicted of the second theft and, based on his prior conviction, was sentenced as a habitual offender. That enhancement was vacated by the Indiana Supreme Court. Zavesky v. State, 515 N.E.2d 530 (Ind. 1987). After he was sentenced, Zavesky filed a petition for post-conviction relief in state court seeking reversal of his 1982 conviction. He argued that the trial court failed to make sufficient factual findings to support Zavesky's guilty plea and he argued that the court did not conduct a proper colloquy to determine if the plea was knowing and voluntary. Zavesky made no other arguments in the Indiana court. His post-conviction motion was denied, and that decision was affirmed on appeal. See Zavesky v. State, 514 N.E.2d 658 (Ind. Ct. App. 1987).
 In 1988, Zavesky was arrested again, this time for burglary. He was convicted in 1989 and again sentenced as a habitual offender. He is currently in custody for that crime, and is challenging that sentence in his petition for a writ of habeas corpus that we now consider. All of Zavesky's arguments in his petition challenge his 1982 conviction for his first crime. He claims that the conviction is void and therefore the habitual offender enhancement in the sentence he is now serving should be vacated.
 
 
 1
 First, Zavesky argues that his 1982 guilty plea was constitutionally void. Second, he claims that he was illegally detained when arrested for the first crime, and therefore a statement he made to police during that detention was made illegally. Third, Zavesky claims that the state court failed to advise him of his right to confront and cross-examine witnesses against him if he went to trial for the first crime.
 
 
 2
 The district court denied Zavesky's petition. It determined that the state court complied with Boykin v. Alabama, 395 U.S. 238 (1969), which addresses the constitutional requirements of taking guilty pleas. The district court held that Zavesky waived the other issues in his petition.
 
 ANALYSIS
 
 3
 In Smith v. Farley, 25 F.3d 1363 (7th Cir. 1994), cert. denied, 115 S. Ct. 908 (1995), we held that:
 
 
 4
 a federal court should not entertain a state prisoner's challenge to the constitutionality of a past conviction used to enhance a new sentence unless that prisoner has not been afforded by the state a full and fair opportunity to collaterally challenge that past conviction.
 
 
 5
 Zavesky does not (and cannot) dispute that he had a full and fair opportunity to collaterally challenge his 1982 conviction because he already mounted an unsuccessful challenge to that conviction. See Zavesky, 514 N.E.2d 658. It does not matter that Zavesky did not raise the detention or confrontation issues in his post-conviction challenge to the 1982 conviction. What matters is that he had the opportunity. Our holding in Smith controls our holding in this case. We will not exercise our jurisdiction to review Zavesky's expired state conviction because he has had full and fair collateral review in Indiana.
 
 
 6
 The petition for a writ of habeas corpus is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record