Terry Michael **LASTER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 682S242.

Supreme Court of Indiana.

Sept. 29, 1983.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Terry Michael Laster was found guilty during a bench trial by the St. Joseph Circuit Court of class B felony attempted robbery. The trial court sentenced him to twenty years imprisonment. Appellant now directly appeals to

challenge the sufficiency of the evidence by which he was convicted.

Appellant specifically argues that the evidence in the instant case is insufficient to support his conviction because only two of seven eyewitnesses were able to positively identify him as one of the robbers. Appellant further argues that said two eyewitnesses who identified him during a lineup previously had been prejudiced by a photographic array. We now find that Appellant's arguments are based on the evidence least favorable to the State. On appeal, this Court will neither reweigh the evidence nor determine the credibility of the witnesses and will consider only that evidence most favorable to the State with all reasonable inferences drawn therefrom. We will not disturb a verdict if we find substantial evidence of probative value to support it. *Harden v. State,* (1982) Ind., 441 N.E.2d 215, *cert. denied,* (1983) —— U.S. ——, 103 S.Ct. 794, 74 L.Ed.2d 998; *Lane v. State,* (1981) Ind., 428 N.E.2d 28.

The instant case springs from the attempted armed robbery by two men of a McDonald's restaurant in South Bend on October 19, 1980. The evidence most favorable to the State includes positive identifications of Appellant as one of the armed robbers by two eyewitnesses to this crime. In particular, witness Anne Fye testified that she was the cashier to whom the two robbers first went when they entered the store. One robber wore a black coat and a black hat while the other wore a green army coat and an orange cap. The man with the black hat gave his food order to Fye, tendered a twenty-dollar bill to her and proceeded around the service counter where he put a pistol to the manager's head, took the manager behind a freezer and forced the manager to bend down and empty the store's safe. The man with the orange cap stayed in front of the counter while Fye pretended to work. The man with the black hat subsequently came out front and said something to his cohort. The man wearing the orange cap thereupon went to the back of the store and left through a rear door with the manager. The man wearing the black hat also left but

Fye did not notice the door by which he exited. Fye testified that she identified Appellant as the perpetrator wearing the black hat from a photographic array shown to her by the police. She also picked Appellant from a lineup and identified him in court. Witness Daniel Englehart testified that he was a customer in the restaurant while it was being robbed. He specifically testified that after the two perpetrators entered the store, he arose from a booth and moved to the service counter where he quietly asked Fye if a robbery was in progress. Standing there in front of the counter, he observed the robber wearing an orange cap with his arm cocked inside his coat. Stepping to an exit, Englehart was met by the man with the black hat who had come from behind the counter and was walking towards the same exit while putting his gun, hat and sunglasses into the back of his pants. Englehart followed this man out the door and yelled to approaching police officers that the man had just robbed the store. Although Englehart could not positively identify Appellant from the photographic array shown to him by the police, he positively identified Appellant as the robber wearing the black hat during a lineup and in court. We now find that both of the eyewitnesses who identified Appellant had ample opportunity to observe Appellant perpetrating this attempted robbery from their face to face contact with him at close range and under lighted conditions. The uncorroborated testimony of either of these eyewitnesses alone would be sufficient to support Appellant's conviction. *Rhyne v. State,* (1983) Ind., 446 N.E.2d 970; *Charlton v. State,* (1980) Ind., 408 N.E.2d 1248; *Sheckles v. State,* (1980) Ind., 400 N.E.2d 121.

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.