**Christopher A. BALLARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 284 S 57.**

Supreme Court of Indiana.

June 22, 1984.

Kevin B. Relphorde, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Christopher A. Ballard was convicted of Robbery, Ind.Code § 35–42–5–1, at the conclusion of a jury trial in Lake Superior Court on October 14, 1983. The trial court sentenced Ballard to twenty-four (24) years imprisonment. He now appeals.

The defendant raises two issues on appeal, concerning: 1) whether the jury's verdict was contrary to law; and, 2) whether there was sufficient evidence to find the defendant guilty of robbery.

The evidence most favorable to the State reveals that on January 7, 1983, the Kurth Tire Center in Gary, Indiana was the scene of a robbery. Five Kurth employees and one customer were in the building at the time. The robber was a young black male wearing a green parka coat and a blue scarf covering the lower portion of his face. The robber brandished a shotgun and demanded money. The employees in the office handed over their money, as did the customer. The victims were told to lie down on the floor and once they complied, the robber fled. The employees gave chase and the robber turned and fired the shotgun. One of the pursuers, John Gurniewicz, was struck in the legs. The robber ran on and two of the men continued their pursuit. The robber turned once again and pointed his gun. The scarf had slipped and the pursuers were able to identify the defendant as their assailant. The defendant fled into a housing project where he was later apprehended. A search of the premises turned up a shotgun, a blue scarf, a green parka, and a large sum of money hidden in a crawl space.

I

The defendant argues that the jury's verdict is contrary to law because the evidence presented at trial by the State's witnesses was contradictory and based upon conjecture. The State argues that the defendant's contention is without merit. We agree.

■ In Indiana, a verdict will be disturbed as being contrary to law when there is an absence of substantial evidence on an essential element of an alleged crime, *Spinks v. State*, (1982) Ind., 437 N.E.2d 963, "or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached an opposite conclusion." *Beatty v. State*, (1963) 244 Ind. 598, 600, 194 N.E.2d 727, 728.

■ The defendant's argument centers on the discrepancy between the testimony of various witnesses. Mr. Gurniewicz was shot in the leg and testified that he walked back to Kurth Tire Center alone. Mr. Hilliard, on the other hand, stated that he accompanied Gurniewicz back to the shop. The other instances of contradiction concern who watched the defendant fire the gun and at what point during the pursuit did the defendant turn around and face his pursuers. None of these allegations or contradictions are substantial enough to disturb the verdict. The jury judges the credibility of the witnesses and decides which witness to believe. There was sub-

stantial evidence to find the defendant guilty of robbery. We will not disturb the verdict on the basis of the defendant's allegations.

## II

The defendant argues that there is insufficient evidence to convict him of robbery, a class A felony. He specifically argues that his conviction is in error because at no time did he fire a shot or carry a loaded weapon throughout his participation in this incident.

On appeal, this Court will neither reweigh the evidence nor determine the credibility of the witnesses and will consider only that evidence most favorable to the State with all reasonable inferences drawn therefrom. We will not disturb a verdict if we find substantial evidence of probative value to support it. *Laster v. State,* (1983) Ind., 453 N.E.2d 1009. The defendant was charged with Robbery, a class A felony. The pertinent statute for Robbery reads as follows:

IC 35–42–5–1 Robbery

Sec. 1. A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

The evidence most favorable to the State shows the defendant entered the Kurth Tire Center, brandishing a shotgun and demanding money. After taking money from the people in the building, the defendant fled. When pursued by his victims, the defendant turned and shot one man in the leg. The defendant claims he did not fire the shot but the witness' testimony is to the contrary. The defendant also argues that he was coerced into committing the robbery. He claims two men threatened to harm his grandmother if he did not comply. Under Ind.Code § 35–41–3–8(b)(2), the defense of duress is not applicable to the crime of robbery. Thus, the evidence was clearly sufficient to find the defendant guilty of robbery, a class A felony.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.