Gary **HALL** and Margaret Hall, Appellants (Defendants Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 3–485A77.

Court of Appeals of Indiana, Third District.

Sept. 26, 1985.

John S. Bloom, Bloom, Bloom & Fleck, P.C., Columbia City, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellants Gary and Margaret Hall were convicted of reckless homicide, a Class C felony, pursuant to IND.CODE § 35-42-1-5, and neglect of a dependent, a Class D felony, pursuant to IND.CODE § 35-46-1-4. Appellants challenge those convictions.

The facts relevant to this appeal are not in dispute. On February 16, 1984, Deputy Sheriff Schrader went to appellants' home. Subsequent to his arrival, Schrader determined that appellants' one-month-old infant son was dead. During a conversation with the appellants, Schrader was told that the infant had been ill for approximately five days and that his condition had worsened within the last two or three. Appellants stated that they had not sought medical care. An autopsy was performed on the infant and the major factors which contributed to his death were acute purulent tracheo-bronchitis and acute broncho-pneumonia, bilateral. Based upon the medical evidence presented, doctors testified that had medical treatment been sought, "there would have been a very reasonably good chance of saving this child's life...." There was also testimony that both appellants were well-educated.

In their case-in-chief, appellants testified that they had sought no medical treatment for their infant son because of their religious beliefs. According to the tenets of their religion, appellants cared for their son through prayer and faith in God, because the Bible "says that prayer of faith will heal the sick...." Gary stated that, "We trust Jesus Christ for our healing and for the healing of our family[.]" Also pursuant to their religious beliefs, there is not anytime when medical attention would be sought.

The child neglect statute provides a defense to the charge: "It is a defense that the accused person, in the legitimate practice of his religious belief, provided treatment by spiritual means through prayer, in lieu of medical care, to his dependent." IND.CODE § 35-46-1-4(a). This is the defense which appellants raised below, and which this Court must now review. This appeal presents the following issues:

(1) whether the trial court erred when it allowed the prosecution to construe the child neglect defense during the prosecution's closing statement, where no objection to that construction was made at the time by appellants;

(2) whether the defense provided for in IND.CODE § 35-46-1-4(a) is unconstitutionally vague;

(3) whether the evidence is sufficient to support the verdict of guilty on the neglect of a dependent charge; and

(4) whether the evidence is sufficient to support the verdict of guilty on the reckless homicide charge.

Appellants initially contend that the prosecution erroneously construed the child neglect defense in its closing statement. In that statement, the prosecution discussed the term "legitimate" in its context within the statute. The prosecution characterized the term as common sense or the steps that a reasonable prudent person

would take in the same situation. Appellants offered no objection to these comments.

After closing statements were made, the court read its instructions to the jury. Court's Final Instruction No. 3 provided that statements of counsel were not evidence. Final Instruction No. 10 was virtually a statement of the child neglect defense statute containing the statutory language, "in the legitimate practice of his religious belief...." As the jury was properly instructed on the evidentiary value of the prosecutor's comments and was given an accurate statement of the law, there was no error. In addition, as appellants failed to object to this comment, this issue has not been properly preserved for appeal.

Appellants' second contention is that the defense provided in IND.CODE § 35–46–1–4(a) is vague and therefore, the statute is unconstitutional. A constitutional challenge to a statute must be raised by a motion to dismiss filed prior to arraignment and plea or it is waived. IND.CODE § 35–34–1–4(b); *Marchand v. State* (1982), Ind.App., 435 N.E.2d 284.

A review of the record reveals that the constitutional issue was first raised in appellants' memorandum in support of motion to correct error. Therefore, this issue is waived on appeal.

Appellants' third contention is that the evidence is insufficient to support the verdict of guilty on the charge of neglect of a dependent. They argue that the State failed to disprove their statutory defense.

The standard for reviewing sufficiency claims has been firmly established. On review, this Court does not weigh the evidence or judge the credibility of witnesses. The Court considers only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Armour v. State* (1985), Ind., 479 N.E.2d 1294.

When a defendant raises the defense that in the legitimate practice of his religious belief, he provided treatment by spiritual means through prayer, in lieu of medical care, the defendant must shoulder the burden of proving the defense, as the defense does not negate an element of the offense but rather establishes separate and distinct facts in mitigation of culpability. *See, Ward v. State* (1982), Ind., 438 N.E.2d 750; *Davis v. State* (1985), Ind.App., 481 N.E.2d 434; *Patterson v. New York* (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281.

Here, the jury heard the appellants explain the reasons for their actions. Since the jury was able to observe and hear the parties, it was able to judge their credibility. By the verdict reached by the jury, it is apparent that the jury failed to believe the testimony of the appellants. As this Court is not in a position to judge the credibility of those witnesses, the verdict of the jury may not be disturbed.

The Court also notes that the trial court's instruction to the jury placed the burden upon the State of disproving appellants' defense beyond a reasonable doubt. The instruction, based upon the foregoing discussion, is an incorrect statement of the law. However, as the incorrect instruction merely placed a greater burden upon the State, the error is harmless.

Appellants' final contention is that the evidence is insufficient to support the guilty verdict on the charge of reckless homicide. The criminal offense of reckless homicide as charged here required the State to prove that appellants recklessly killed their infant son, Joel, by refusing to provide him with necessary medical care. From the facts which appear in the record and which have been presented herein, it is clear that there was substantial evidence of probative value to support the verdict of the jury.

Affirmed.

STATON, P.J., and GARRARD, J., concur.