**Gary HALL and Margaret Hall, Appellants,**

**v.**

**STATE of Indiana, Appellee.**

**No. 92S03–8605–CR–515.**

Supreme Court of Indiana.

May 27, 1986.

John S. Bloom, Bloom, Bloom, & Fleck, Columbia City, for appellants.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Gary and Margaret Hall appeal their convictions for reckless homicide, a class C felony, Ind.Code § 35–42–1–5 (Burns 1985 Repl.) and neglect of a dependent, a class D felony, Ind. Code § 35–46–1–4 (Burns 1985 Repl.). The trial court sentenced the defendants to concurrent terms of five years for reckless homicide and two years for child neglect.

The Court of Appeals affirmed both convictions. *Hall v. State* (1985), Ind.App., 482 N.E.2d 1185. A petition for rehearing was denied by a divided vote, Judge Garrard dissenting on the grounds that under existing case law the imposition of two convictions constituted double jeopardy. *Hall v. State* (1986), Ind.App., 487 N.E.2d 181. We agree, grant transfer, and reverse the convictions for neglect of a dependent. The convictions for reckless homicide are affirmed.

Appellants raised three issues before the Court of Appeals. Two issues which challenged their convictions for neglect of a dependent have been rendered moot by our decision to reverse this conviction on other grounds.[1] The issues we address are:

1) Whether the convictions for reckless homicide were contrary to law, and

2) Whether the imposition of sentences for two offenses which are based upon the same pattern of omissive conduct constitutes double jeopardy.

The facts are as follows. On February 16, 1984, deputy sheriff Robert Schrader arrived at the defendants' residence at 6:15 a.m. Mr. Hall told Schrader that his son, Joel, had been ill during the preceding five days. Joel's condition had worsened during the last two to three days. The child had been experiencing coughing, restlessness, difficulty in breathing, and a loss of appetite. At 11 p.m. on the 15th, Joel was ashen in color and listless. At 5 a.m. on the 16th, Joel's breathing was very shallow. Joel stopped breathing approximately thirty minutes later.

An autopsy revealed that the cause of death was acute bronchial pneumonia, an inflammation of the lungs which prevented Joel from breathing normally. The county coroner, a physician, opined that there would have been a reasonably good chance of stopping the pneumonia and saving Joel's life if medical care had been obtained during the two days prior to his death.

Pursuant to their religious beliefs, the Halls did not seek medical care. The Halls believed that sickness was the devil in a spiritual battle with God and that prayer would heal the sick. The appellants testified that regardless of the seriousness of Joel's illness, they would not have taken him to a doctor.

### I. Conviction Contrary to Law

The appellants' argue essentially that the verdicts were contrary to law because their acts do not constitute a substantial deviation from acceptable standards of conduct and therefore do not meet the definition of recklessness.[2] There is no merit to this claim.

---

1. We address the merits of appeals when justiciable issues exist and do not render advisory opinions on abstract questions of law which do not correct errors injurious to the appellant. *Hebel v. Conrail, Inc.* (1985), Ind., 475 N.E.2d

652; *City of Indianapolis v. Indiana St. Bd. of Tax Com'rs* (1974), 261 Ind. 635, 308 N.E.2d 868.

2. The Halls argued in their brief that if their "acts of praying for their child were justifiable to the extent that they should have been acquit-

■ A conviction for reckless homicide requires the State to prove that the Halls recklessly killed another human being. Ind.Code § 35–42–1–5 (Burns 1985 Repl.). A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. Ind.Code § 35–41–2–2 (Burns 1985 Repl.).

■ The evidence recited above clearly shows that the jury's verdict was not contrary to law. A verdict is contrary to law only when there is an absence of evidence on an essential element of the crime charged or when the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact reached an opposite conclusion. *Ballard v. State* (1984), Ind., 464 N.E.2d 328; *Early v. State* (1982), Ind., 442 N.E.2d 1071. Despite the appellants' admitted awareness that their son was ill and that his condition progressively deteriorated, they did not seek medical care for him.

■ The Halls, arguing by analogy to the child neglect statute, maintain that their "reckless" conduct was brought within the realm of acceptable standards of conduct by their exercise of prayer in lieu of medical care. The child neglect statute does permit a caretaker who deprives a dependent of medical care to be exempted from criminal responsibility if the caretaker "in the legitimate practice of his religious belief, provided treatment by spiritual means through prayer, in lieu of medical care, to his dependent." Ind.Code § 35–46–1–4 (Burns 1985 Repl.). However, reckless homicide does not have a statutory defense excusing responsibility for a death which resulted from what our legal system has defined to be reckless acts, regardless if these acts were conducted pursuant to religious beliefs or otherwise. The legislature has distinguished between child neglect which results in serious bodily injury [3] and neglect which results in the child's death. Prayer is not permitted as a defense when a caretaker engages in omissive conduct which results in the child's death.

## II. Double Jeopardy

■ Two offenses are the same for the purposes of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. A double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions.

The factual bases alleged by the State in the information or indictment and upon which the charges are predicated must also be examined. *Tawney v. State* (1982), Ind., 439 N.E.2d 582. While the applicability of the double jeopardy clause has been the subject of much intellectual struggle in American courts, recent Indiana precedent appears dispositive of the case at bar.

ted of child neglect, it is impossible to sustain a conviction of reckless homicide based on those very same acts because there would not be present any substantial deviation from acceptable standards of conduct." However, the conditional statement of this syllogism is fatally flawed, rendering the conclusion invalid. We do not today decide that the Halls' "acts in praying for their child were justifiable to the extent that they should have been acquitted for child neglect." The reversal of the convictions for child neglect on the basis of double jeopardy, addressed in Issue II, *infra*, removes this question from our consideration.

3. The legislature may not have intended the child neglect statute to encompass neglect which

results in the death of the dependent child, expecting such cases to be charged under one of the homicide provisions. The neglect statute specifically provides that ". . . the offense is a class B felony if it results in serious bodily injury." Ind.Code § 35–46–1–4(a)(4) (Burns 1985 Repl.). The present definition of serious bodily injury is specific. Ind. Code § 35–41–1–25 (Burns 1985 Repl.). This statutory definition includes bodily injury which creates a substantial risk of death but omits injury which results in death, the latter being expressly included in the former definitional section, Ind.Code § 35–41–1–2 (Burns 1979 Repl.).

In this case, the neglect charge and the reckless homicide charge were both based upon the parents' failure to provide medical treatment to Joel during his illness, which lasted five days. The indictment for neglect alleged:

Gary Hall and Margaret Hall, on the 16th day of February, ... having the care, custody and control of Joel David Hall, did knowingly deprive [him] ... of necessary support by refusal or failure to provide said child with medical care ...

The reckless homicide indictment was based upon the following factual allegations:

Gary Hall and Margaret Hall, on the 16th day of February, ... did recklessly kill ... Joel David Hall, by refusing to supply or provide said child with necessary medical care ...

It is apparent from an examination of these charges that the parents' pattern of neglect was an act which involved a "substantial deviation from acceptable standards of conduct." Ind.Code § 35–41–2–2 (Burns 1985 Repl.). The same act resulted in or caused the death of their son. Ind. Code § 35–42–1–5 (Burns 1985 Repl.). The State only had to prove this pattern of neglect: "no additional facts were necessary to prove the perpetration of either of these offenses." *Howard v. State* (1985), Ind., 481 N.E.2d 1315, 1318.

The the Halls have been placed in double jeopardy is even more apparent when one considers the dual nature of the evidence of neglect in *Howard*. In *Howard*, the dependent child, Rachel, sustained severe burns on her back, head, and left hand from hot water in a bathtub. The evidence indicated that someone had restrained Rachel so that she could not escape from the water. The evidence also showed that Rachel's injuries might have resulted from the defendant's act of "placing [Rachel] in a tub and leaving [her] there while knowing that very hot water was supplied to the tub and that [she was] able to and many times did, turn the water faucets [herself]." *Howard*, 481 N.E.2d at 1317. This Court found that sentences for neglect and for battery resulting in serious bodily injury violated double jeopardy and thus could not stand. The cause was remanded to the trial court with instructions to vacate the sentence which was imposed for the battery conviction.

Since the Halls' continuous pattern of neglect was the factual basis for the neglect and the reckless homicide convictions, they were punished twice for the same acts. In essence, the pattern of neglect was the means by which the reckless homicide was committed.

Under the facts of this case, affirming the convictions for both offenses would be tantamount to saying that a drunk driver who kills a pedestrian can be found guilty of driving while intoxicated, Ind.Code § 9–11–2–2 (Burns 1985 Supp.) *and* driving while intoxicated, resulting in the death of another person. Ind.Code § 9–11–2–5 (Burns 1985 Supp.). Two such convictions could not stand, for one is the instrumentality by which the other was committed. Under most circumstances, the former would be a lesser included offense which would merge with the greater offense. *Tawney*, 439 N.E.2d at 588.

The convictions and sentences for neglect of a dependent are vacated. With respect to the convictions and sentences for reckless homicide, the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.