**Jeffery A. LAMPHIER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 34S00–8711–CR–1105.

Supreme Court of Indiana.

Feb. 23, 1989.

Merrill W. Otterman, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen. and Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Neglect of a Dependent Resulting in Serious Bodily Injury, a Class B felony, for which he received a sentence of ten (10) years enhanced by ten (10) years by reason of aggravating circumstances for a total of twenty (20) years; and a conviction of Involuntary Manslaughter, a Class C felony, for which he received the presumptive sentence of five (5) years, enhanced by three (3) years for aggravating circumstances, the sentences to be served consecutively.

The facts are: Appellant, Tim Moore, Doyle Dowler, Terry Causey, and his three children, Lucas, the victim in this case, age seventeen months, Levi, age three, and Larry, age six, all resided in a house located in Kokomo, Indiana. Appellant, Moore, Dowler, and Causey were employed sporadically and drank heavily. Although Causey was separated from his wife and had sole custody of his three boys, he was frequently away from home leaving his children in the care of the other men living with him. Nearby residents and relatives of the men noticed that the three boys were undernourished, unkempt and had bruises and scrapes on them. Neighbors had also seen the men hit and mistreat the boys.

The other residents of the home testified that they had seen appellant strike the

decedent. Appellant would body slam the child by throwing him into his baby bed. He also engaged in a form of television-type wrestling in which he would stand by the bed and jump into the air and land beside the decedent, striking the infant with his upper arm and elbow. He would also place the child on a window sill, put his hands on the curtain rod, and then let the baby hang in midair until he could no longer hold on. When he would fall to the floor, appellant would then discipline him.

An autopsy showed that the child had extensive bruises over his entire body, that he was dehydrated and malnourished, and that the immediate cause of death was the infliction of a blunt-force injury to his abdomen which ruptured an intestine causing peritonitis. The doctor testified that the injuries were consistent with child abuse and were not consistent with roughhouse playing.

■ Appellant argues the verdict of guilty of neglect resulting in serious bodily injury was contrary to law. Appellant claims the legislature did not intend the child neglect statute to encompass neglect which results in the death of a dependent child. He cites *Hall v. State* (1986), Ind., 493 N.E.2d 433, claiming that the reasoning in that case precludes his conviction for neglect resulting in serious bodily injury when the bodily injury results in death and that the exclusive remedy for the State lies with the homicide statutes.

However, the *Hall* case is clearly distinguishable from the case at bar. In *Hall*, the parents of the deceased child had religious convictions mandating that an ill person should not receive medical attention but that healing should be attempted only through prayer. The parents failed to provide medical treatment during the child's illness which lasted five days. The child's death resulted from the continuing pattern of neglect.

In the case at bar, although the child was subjected to a period of neglect and abuse, the testimony was that the immediate cause of death was a ruptured intestine which resulted from a severe blunt-object blow to the abdomen. A nearly identical situation was presented in the case of *Bean v. State* (1984), Ind., 460 N.E.2d 936. In that case, the evidence showed the neglect of the dependent had continued over a period of months and that death resulted from a blunt force injury which occurred during the last two weeks of the victim's life. This Court held that under such a factual circumstance it was not double jeopardy to convict the Beans of both neglect of a dependent and manslaughter. Such is the situation in the case at bar. The evidence clearly establishes two distinguishable and separate crimes. The trial court did not err in passing sentence on both convictions.

■ Appellant claims there is insufficient evidence to support the finding that he is guilty of either of the charges of which he was convicted. In doing so, he recognizes the established principle of law that this Court will not reweigh the facts, citing *Manns v. State* (1985), Ind., 472 N.E.2d 918. However, he proceeds to argue that the witnesses who testified in this case are so devoid of credibility that their testimony should not be the basis of his conviction. He points to the fact that the other men in the house also abused the child; thus, he maintains their testimony that it was appellant who inflicted the greatest injuries should not be believed.

However, these matters were placed squarely before the jury for their determination. It was the jury's prerogative to weigh this evidence and to determine the truth of the situation. *Graves v. State* (1984), Ind., 472 N.E.2d 190. The jury had a right to listen to the testimony and to disbelieve and reject any part thereof. *McBrady v. State* (1984), Ind., 459 N.E.2d 719. There is more than ample evidence in this record to support the verdict of the jury.

THE TRIAL COURT IS AFFIRMED.

PIVARNIK, J., concurs.

DICKSON, J., concurs in result with separate opinion.

SHEPARD, C.J., concurs and dissents with separate opinion in which DeBRULER, J., concurs.

DICKSON, Justice, concurring in result.

I find it unreasonable to infer that the legislature intended that neglect which creates a substantial risk of death deserves punishment as a class B felony, but that if death actually results from such neglect, the lesser punishment for class C felonies should apply. For this reason, I concur with the majority that the child neglect statute encompasses neglect which results in the death of a dependent child.

 However, I depart from the majority in its treatment of the double jeopardy question. On that issue I agree with the concurring and dissenting opinion of Chief Justice Shepard.

SHEPARD, Chief Justice, concurring and dissenting.

The majority treats two separate claims presented by appellant as though they were one issue. On one of those claims, Lamphier is entitled to relief. The other has been waived.

Appellant claims that the statute on neglect of a dependent resulting in serious bodily injury does not cover neglect resulting in death. Ind.Code § 35–46–1–4(a) (Burns 1985 Repl.). There was a time when the legislature defined "serious bodily injury" as any injury which created a substantial risk of death or which caused death, serious permanent disfigurement, loss of a body member and so on. Ind. Code § 35–41–1–2 (Burns 1979 Repl.). The General Assembly subsequently repealed the former definition to make but a single change: removing reference to actions which result in death. 1983 Ind.Acts, P.L. 311, §§ 26, 49; Ind.Code § 35–41–1–25 (Burns 1985 Repl.).

The import of this legislative revision for Lamphier's case is plain: neglect statutes are not intended to cover situations in which the victim dies. Those crimes are instead covered by the sections of the Code on homicide. Accordingly, I would find for Lamphier by reversing his conviction for neglect.

 Even if Lamphier did not prevail on the issue of statutory construction, he would ultimately prevail on his double jeopardy claim. The majority treats this claim as though it were the same as the statutory construction issue and rejects it, asserting that the facts in this case are nearly identical to those in *Bean v. State* (1984), Ind., 460 N.E.2d 936.

While it is true that both cases tell a story of months of neglect ended by a blow causing death, the information which brought appellant Lamphier to trial reveals that he was not being tried for months of neglect. It charged that he had placed a dependent in a situation that endangered his life or health, with resulting serious bodily injury, "on or about the 13th day of September, 1986." It was the same date the prosecution alleged Lamphier had committed murder. Thus the allegation places Lamphier's case squarely within the bounds of *Smith v. State* (1980), Ind.App., 408 N.E.2d 614, the very case which this Court sought to distinguish in order to uphold the conviction in *Bean*. It cannot be right to affirm both *Bean* and this conviction, absent some procedural default. As Justice Potter Stewart said about antitrust precedent, "The sole consistency that I can find is that in litigation under § 7, the Government always wins." *United States v. Von's Grocery Co.*, 384 U.S. 270, 301, 86 S.Ct. 1478, 1495, 16 L.Ed.2d 555, 575 (1966).

 I agree with the Attorney General that Lamphier has waived the double jeopardy question by failing to raise it in his motion to correct error. Accordingly, I join in the decision to affirm the conviction for involuntary manslaughter.

DeBRULER, J., concurs.