**Elizabeth EASTMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9207–CR–225.**

Court of Appeals of Indiana, Third District.

March 24, 1993.

---

James F. Stanton, Superior Court of Lake County, Appellate Div., Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Elizabeth Eastman was charged with neglect of a dependent, a Class B felony, concerning treatment of her two month old son, Billy. Subsequently, the information was amended by adding a second count in which it was alleged that she had earlier committed the same offense concerning an older child, Dennis. A jury convicted her on both counts, and she was sentenced to the presumptive term of ten years on each count with the sentences to be served concurrently. On appeal she challenges the propriety of the conviction on Count II concerning the child, Dennis.

The evidence disclosed that in January, 1988, when Dennis would have been a month old, he was living with Eastman and her in-laws. They observed Eastman scream at Dennis, shake him and place her hand over his nose and mouth when he would cry. On January 7, 1988, the mother-in-law was gone for most of the day. About midnight that night when it was time for Dennis' feeding she heard him wake up and begin screaming. She had to yell at Eastman to get up and take care of him. (She described this as a regular nightly occurrence.) Shortly thereafter the mother-in-law discovered the baby was having a bowel movement and explained to Eastman that she should wash him, change him and then give him the rest of his bottle. She did not hear the baby again that night.

The next day Dennis was again alone with his mother until about 1:00 p.m. When the mother-in-law returned Eastman brought in the baby. He was limp, gray, having difficulty breathing and his eyes were fixed. The mother-in-law then called for an ambulance.

Dennis was treated at two hospitals for head injuries. He suffered severe permanent brain damage from his injuries. It was the treating physician's opinion that he had suffered a blow to the head of tremendous force. Later, Eastman said that the day before the baby had bumped his head on the sink or faucet while she was bathing him.

In addition, there was the evidence of the numerous fractures sustained by the other child.

Eastman first argues that while she might have been charged with battery concerning Dennis, neglect was an inappropriate charge and one not sustained by the evidence. In support of this argument she cites *Dayton v. State* (1986) Ind.App., 501 N.E.2d 482 and *Lamphier v. State* (1989) Ind., 534 N.E.2d 699 and urges that the battery itself should not be sufficient to meet the definition of neglect. IC 35–46–1–4 defines neglect as "knowingly or intentionally plac[ing] the dependent in a situation that may endanger his life or health."

*Lamphier* and similar cases should be distinguished from the inquiry before us now. In them the question was whether a defendant could stand convicted of both neglect and the offense applicable to the injury inflicted by a defendant in view of the double jeopardy effects that can occur with included offenses. Since Eastman

was not tried for *both* battery and neglect, those concerns have no application here.

*Dayton* is merely a different spin on the same problem. Dayton was charged with and convicted of both neglect and battery. Presumably in order to avoid the included offense problem the state charged that the neglect consisted of Dayton's failure to obtain medical treatment for the victim after having beaten her. Thus, that is what the state was bound to prove and on the evidence introduced at trial the court concluded that there simply was no evidence that the failure to obtain medical treatment for the bruises in question endangered the child's health.

In pertinent part the statute under which Eastman was prosecuted, IC 35–46–1–4, provides that,

> A person having the care of a dependent ... who knowingly or intentionally: (1) places the dependent in a situation that may endanger his life or health; ... commits neglect ... a class B felony if it results in serious bodily injury.

Clearly, Eastman had the care of her dependent, Dennis, and the boy suffered serious bodily injury. There is a reasonable inference from the evidence that Eastman knowingly or intentionally inflicted the injury to the boy's skull. In doing so she placed him in a situation that endangered his life or health. That is what the statute proscribes.

The conviction was therefore sustained by the evidence.

Affirmed.

HOFFMAN and STATON, JJ., concur.