# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 13 2020, 9:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Eric Charles Kyle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 13, 2020

Court of Appeals Case No.
19A-CR-2848

Appeal from the
Vermillion Circuit Court

The Honorable Jill Wesch, Judge

Trial Court Cause No.
83C01-1907-F3-5

**Kirsch, Judge.**

[1] Eric Charles Kyle ("Kyle") pleaded guilty to armed robbery[1] as a Level 3 felony and theft[2] as a Class A misdemeanor. He was sentenced to an aggregate ten years for his convictions and ordered to pay restitution to the victim in the amount of five hundred dollars. He appeals his convictions and restitution order contending that the convictions for robbery and theft violate double jeopardy protections and that the order of restitution was not supported by sufficient evidence.

[2] We vacate Kyle's conviction for theft as a Class A misdemeanor and affirm his robbery conviction and the trial court's restitution order.

## Facts and Procedural History

[3] On July 15, 2019, Kyle entered Casey's General Store in Clinton, Indiana armed with a BB gun which appeared to be a handgun. He demanded cash from the store clerk. The clerk removed five hundred dollars from the store safe and handed it to Kyle who then left the store. Kyle was arrested and charged with armed robbery and theft. He pleaded guilty to both charges. The trial court sentenced Kyle to ten years for the robbery and one year for the theft, with the sentences to be served concurrently.

---

[1] *See* Ind. Code § 35-42-5-1.

[2] *See* Ind. Code § 35-43-4-2.

## Discussion and Decision

Kyle first contends that his dual convictions for robbery and theft violate double jeopardy protections. We agree.

As cited in Kyle's brief, "Article I, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Here, Kyle was convicted of robbery and theft. The charging instruments disclose that both charges were predicated on the taking of $500.00 from Casey's General Store in Clinton, Indiana on July 15, 2019. The State acknowledges in its brief that the evidence necessary to prove theft was also the evidence needed to prove robbery.

Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of the distinct statutory provisions which do not require proof of an additional fact. *Hall v. State*, 493 N.E.2d 433, 435 (Ind. 1986). Here, Kyle committed a single act—the hold-up of the gas station—and pleaded guilty to two offenses. Because the dual convictions violate double jeopardy protections, we vacate Kyle's conviction for theft.

We also hold that the trial court did not abuse its discretion by ordering Kyle to pay restitution. First, Kyle makes no argument that the trial court abused its discretion in ordering the restitution. Second, as this Court held in *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), a restitution order must be supported by sufficient evidence of the actual loss sustained by the victim of the crime. *See also*, *Lohmiller v. State*, 884 N.E.2d 903, 916 (Ind. Ct. App., 2008).

[8] Here, the monetary value of the loss sustained by Casey's General Store was easily ascertainable--the defendant stole $500.00 in U.S. currency. The restitution request form, the probable cause affidavit, and the police report all provide reasonable bases for determining the loss that Casey's sustained, and the trial court did not abuse its discretion in ordering Kyle to pay restitution in this amount.

[9] Affirmed in part and Vacated in part.

Najam, J., and Brown, J., concur.